# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WANDA I. GONZÁLEZ BERRÍOS, et. al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**KMART OF PUERTO RICO, INC., et. al.,**<br><br>Defendants. | CIVIL NO. 16-2130 (DRD) |

## OPINION AND ORDER

Pending before the Court is a motion to dismiss the complaint due to failure to toll the statute of limitations against co-defendants, Kmart Corporation and Kmart Operations. *See* ECF No. 17. Specifically, the controversy at hand requires a determination as to whether Plaintiffs' action is time barred because in the State Court case Plaintiffs sued Kmart of Puerto Rico, Inc., a corporation that does not exist, and no service of process was made to co-defendants prior to the dismissal of the State Complaint (the "complaint"). For the reasons stated herein, the Court **GRANTS** the motion to dismiss and **DISMISSES with prejudice** the instant complaint.

## I. FACTUAL AND PROCEDURAL OVERVIEW

This action arises out of a slip-and-fall accident suffered by Plaintiff, Wanda González Berríos on July 13, 2014 at a Kmart store located in Montehiedra Town Center, in San Juan, Puerto Rico, in which she suffered damages. On February 13, 2015, Plaintiffs filed a complaint at the Puerto Rico Court of First Instance, Superior Court of Caguas,

caption *Wanda I. González Berríos, Lorenzo Ramos Montañez y la Sociedad Legal de Gananciales Compuesta por Ambos v. Kmart of Puerto Rico, Inc.; Dueño A; Aseguradora I; Dueño B; and Aseguradora II,* civil case number K DP2015-0166 (808). Neither Kmart Corporation nor Kmart Operations, LLC were named defendants in the complaint. Furthermore, no amendments were made to the complaint when filed in State Court.

Then, on June 26, 2015, Plaintiffs moved for voluntary dismissal without prejudice from the State Court. Such motion was granted and Judgment of Dismissal entered on July 23, 2015, which was notified on July 14, 2015. No defendants were served during these proceedings prior to its dismissal.

On June 20, 2016, Plaintiffs filed the instant claim before the Court, in which the named defendants are Kmart of Puerto Rico, Inc., Kmart Corporation, Kmart Operations, LLC, Owner A, Owner B, and ABC Insurance Company. *See* ECF No. 1.

Pending before the Court is Kmart Corporation and Kmart Operations, LLC's (hereinafter, "Kmart Corporation") motion to dismiss for failing "to toll the statute of limitations against Kmart Corporation and Kmart Operations, LLC". *See* ECF No. 17 § 11; Plaintiffs opposed to this motion (ECF No. 21), Kmart Corporation filed a reply (ECF No. 22) and Plaintiffs filed a sur-reply (ECF No. 25).

In detail, Kmart Corporation proffers in a sworn statement not challenged by Plaintiffs that "Kmart of Puerto Rico is a separate entity, one that as of today has been dissolved, one that was never involved at any relevant time as an owner or operator of the Kmart store at Montehiedra Town Center where the facts of this case took place." *See* ECF No. 17 § 1 ¶ 2.

However, prior to addressing the merits of said motion, the Court must review the applicable legal foundation.

## II. APPLICABLE LAW

### A. *Statute of Limitations under Article 1802 Claims*

For diversity tort actions such as the instant case, the statute of limitations is substantive law and Puerto Rico law controls. *See Erie v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464 (1945); *Daigle v. Maine Medical Center*, 14 F.3d 684, 689 (1st Cir. 1994). Puerto Rico's Civil Code provides that personal injury actions carry a one year statute of limitations from the moment the aggrieved person has knowledge of the injury. 31 P.R. LAWS § 5298; *Rodriguez v. Suzuki Motor Corp.*, 570 F.3d 402, 406 (1st Cir.2009) ("the statute of limitations starts to run once the injured party knows both that he has suffered a harm and who is responsible for it.").

However, such one-year term is subject to tolling. The Supreme Court of Puerto Rico has stated that "[t]he tolling act represents the unequivocal manifestation of intent to put an end to the inactivity that takes place before the period of deliberation runs out." *Galib Frangie v. El Vocero de P.R.*, 1995 WL 905884 (P.R.), 12 P.R. Offic. Trans. 971. Article 1873 of the Civil Code provides three ways by which the statute of limitations may be tolled. *Tokyo Marine and Fire Ins. Co. v. Perez & CIA de Puerto Rico, Inc.*, 142 F.3d 1, 4 (1st Cir. 1998). This may be accomplished (1) "by the institution of an action before the courts [;]" (2) "by extrajudicial claim of the creditor[;] and" (3) "by any act of acknowledgment of the debt by the debtor." *Id*. (quoting Civil Code of Puerto Rico, 31 P.R. LAWS § 5303)(internal quotation omitted).

Under Puerto Rican law, the filing of a complaint and not the service of summons tolls the statute of limitations. *Duran Cepeda v. Morales Lebron*, 1982 WL 210627 (P.R.), 12 P.R. Offic. Trans. 776. Further, "[i]n order for a previously filed judicial action to toll the statute of limitations as to a later filed complaint, the second complaint must assert a cause of action identical to the one in the first." *García Rodríguez v. Laboy*, 598 F. Supp. 2d 186, 2008 U.S. Dist. LEXIS 107371 (D.P.R. 2008). Once the complaint is filed, the limitations period is tolled until the judicial proceedings have definitively concluded (in Spanish, "final y firme"). *See Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 552 (1st Cir. 2005); *Silva–Wiscovich v. Weber Dental Mfg. Co.*, 835 F.2d 409, 410 (1st Cir.1987); *see also Martínez Arcelay v. Peñagaricano*, 1998 WL 199586 (P.R.); *Agosto v. Municipio de Rio Grande*, 1997 WL 289933 (P.R.); *Durán–Cepeda v. Morales–Lebrón*, 1982 WL 210627 (P.R.), 12 P.R. Offic. Trans. 776; *Moa v. Commonwealth*, 100 P.R.R. 572, 589 (1972). On the date the judicial proceedings definitively conclude, a new one-year term commences. *Agosto Ortiz v. Municipio de Rio Grande*, 1997 WL 289933 (P.R.).

The Puerto Rico Supreme Court has stated that "the secondary effects of the traditional solidarity—among which, the tolling of the statute of limitations—do not apply." *Fraguada Bonilla v. Auxilio Mutuo*, 186 P.R. Dec. 365 (2012)[1]. It thus held that in actions for damages [involving imperfect solidarity ("*in solidum*")], the injured party "must toll the statute of limitations as to each one of them [in imperfect solidarity]", *id.*, and "<u>timely filing of a complaint against one solidary co-tortfeasor of an extracontractual</u>

---

[1] Certified Translation at ECF No. 29-2.

-4-

<u>damage does not have the effect of tolling the statute of limitations as to rest of the alleged tortfeasors [in imperfect solidarity].</u>" *Id*. at 377. (Emphasis ours).

Additionally, the filing of a complaint against nonexistent or fictitious parties, when an indispensable party whose identity and name are known exists, does not interrupt the statute of limitations and its subsequent amendment to include said party after the expiration of the period to file the action does not relate back to the time of the filing of the original petition, as set forth in *Fuentes v. Tribunal de Distrito de P.R.*, 73 P.R.R. 893, 916 1952 PR Sup. LEXIS 260 (P.R. 1952) as follows:

> "If the original complaint is legally sufficient and a defendant is joined under a fictitious name inasmuch as, his identity but not his specific name is known, the complaint may be subsequently amended to insert the real name of the persons when it is known. But said rule must not be applied when the amendment as to that defendant is made after the expiration of the limitation period in a case in which the original complaint is legally insufficient because it was filed against the nonexistent defendants without including an indispensable party as defendant, or where it is merely a case of ignorance as to the name of the party to the suit, although knowing his identity, or where as in the instant case, plaintiff originally knew the name and identity of a person who should have been included as defendant because she was an indispensable party."

*See also Laboy*, 598 F.Supp.2d at 195 (holding that because defendant-canine officers in a first lawsuit, which was timely filed, were not identical to defendants in a second lawsuit, which was untimely, as the officers were never identified in the first suit pursuant to Rule 15.4 of Title 32, the filing of the prior complaint did not toll the statute of limitations as to any defendants in the second lawsuit, pursuant to this section.)

## B. *Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio–Hernandez v. Fortuño–Burset*, 640 F.3d 1, 12 (1st Cir.2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' ") (quoting *Twombly*, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Id.* at 570; *See e.g. Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Rule 12(b)(6) provides the mechanism in order to raise defenses to a claim for relief. "A party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). However, when a court considers matters outside the pleadings in a Rule 12(b)(6) motion, Rule 12(d) requires that "the motion must be treated as one for summary judgment under Rule 56." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009). "The element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material." 5 Fed. Prac. & Proc. Civ. § 1366 (3d ed.).

Considering the fact that the parties submitted to the Court extra-material outside the scope of pleadings in order to sustain their allegations, and that the Court is

considering those documents in order to make its ruling, Defendants' Motion to Dismiss must be ruled upon as a Motion for Summary Judgment.

### C. *Federal Rule of Civil Procedure 56*

A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which entitles a party to judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." *See Johnson v. Univ. of P.R.*, 714 F.3d 48, 52 (1st Cir. 2013); *Prescott v. Higgins*, 538 F.3d 32, 40 (1st Cir. 2008) (citing *Thompson v. Coca–Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-250 (1986); *Calero–Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The analysis with respect to whether or not a "genuine" issue exists is directly related to the burden of proof that a non-movant would have in a trial. "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Liberty Lobby, Inc.*, 477 U.S. at 255 (applying the summary judgment standard while taking into account a higher burden of proof for cases of defamation against a public figure). In order for a disputed fact to be considered "material" it must have the potential "to affect the outcome of the suit under governing law." *Sands v. Ridefilm Corp.*, 212 F.3d 657, 660–661 (1st Cir. 2000) (citing *Liberty Lobby, Inc.*, 477 U.S. at 247–248); *Prescott*, 538 F.3d at 40 (1st Cir. 2008) (citing *Maymí v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

The objective of the summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997) (citing the advisory committee note to the 1963 Amendment to Fed. R. Civ. P. 56(e)). The moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact on the record. *Shalala*, 124 F.3d at 306. Upon a showing by the moving party of an absence of a genuine issue of material fact, the burden shifts to the nonmoving party to demonstrate that a trier of fact could reasonably find in his favor. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The non-movant may not defeat a "properly focused motion for summary judgment by relying upon mere allegations," but rather through definite and competent evidence. *Maldonado–Denis v. Castillo Rodriguez*, 23 F.3d 576, 581 (1st Cir. 1994). The non-movant's burden thus encompasses a showing of "at least one fact issue which is both 'genuine' and 'material.'" *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990); *see also Suarez v. Pueblo Int'l.*, 229 F.3d 49, 53 (1st Cir. 2000) (stating that a non-movant may shut down a summary judgment motion only upon a showing that a trial-worthy issue exists). As a result, the mere existence of "some alleged factual dispute between the parties will not affect an otherwise properly supported motion for summary judgment." *Liberty Lobby, Inc.*, 477 U.S. at 247–248. Similarly, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 95 (1st Cir. 1996); *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).

When considering a motion for summary judgment, the Court must "draw all reasonable inferences in favor of the non-moving party while ignoring conclusory allegations, improbable inferences, and unsupported speculation." *Smith v. Jenkins*, 732 F.3d 51, 76 (1st Cir. 2013) (reiterating *Shafmaster v. United States*, 707 F.3d 130, 135 (1st Cir. 2013)). The Court must review the record as a whole and refrain from engaging in the assessment of credibility or the gauging the weight of the evidence presented. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Pina v. Children's Place*, 740 F.3d 785, 802 (1st Cir. 2014). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves*, 530 U.S. at 150 (quoting *Anderson*, 477 U.S. at 250–51).

Summarizing, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact **and the movant is entitled to judgment as a matter of law.**" (Emphasis provided). *See* Fed. R. Civ. P. 56(a).

Hence, in order to prevail, Defendants must demonstrate that, even admitting well-pleaded allegations in light most favorable to Plaintiff, the applicable law compels a judgment in its favor.

### III. LEGAL ANALYSIS

Defendants aver that Kmart Corporation was the owner and operator of Kmart's Montehiedra Town Center store, on the date of the incident, July 13, 2014, and currently

still is the owner and operator of such store.[2] Further, Defendants aver that Kmart of Puerto Rico, Inc., does not exist nor did it exist on the date of the incident.[3] Kmart Corporation also claims that the attorneys that filed the State Court complaint have previously filed other cases against Kmart Corporation for incidents in Kmart store premises.[4] Plaintiffs did not mention such allegation in their opposition nor on their sur-reply to Kmart Corporation's motions.

Meanwhile, Plaintiffs aver that filing the State Court claim against Kmart of Puerto Rico, Inc. was a simple misnomer, and the Court should consider their intention of tolling the statute of limitations against Kmart. They further explained that, it is the filing of the complaint and not the service of process, the action that tolls the statute of limitations. Also, Plaintiffs allege that Defendants knew of the claim from the day of the accident since Plaintiffs filed an accident report that same day. The Court disagrees with such reasoning of Plaintiff. An accident report is not a claim and it is not one of the three (3) ways by which the statute of limitations may be tolled. The Court agrees that under Puerto Rico law, the filing of the complaint and not the service of summons tolls the

---

[2] As part of the evidence submitted by Kmart Corporation to sustain its allegations, Defendants produced a Declaration Under Penalty of Perjury by Frank Calabrese, Assistant Corporate Secretary of Kmart Corporation and Kmart Operations, LLC in which he declared that "Kmart Corporation currently is, and since before July 13, 2014, has been the owner and operator of the Kmart store located at Montehiedra Town Center. It is also the employer of all Kmart associates working at said store." ECF No. 17-1 ¶ 3.

[3] According to the Corporation Registry of the Department of State of the Commonwealth of Puerto Rico, Kmart of Puerto Rico, Inc., file 126,260 was a stock corporation organized under the laws of Puerto Rico, which was dissolved on March 14, 2002. (Twelve years prior to the date of the accident, that is, July 13, 2014).

[4] The Court takes judicial notice of a previous case filed in the District Court by counsel for Plaintiffs against Kmart Corporation back in 2009. See Sandra Quiñonez-López, et. al. v. Kmart Corporation, et. al., Civil No. 09-2054 (CCC).

statute of limitations. *See Duran Cepeda*, 112 D.P.R. at 625. However, even if the Court were to agree with Plaintiffs' argument, the accident report was prepared the same day of the accident. Hence, the statute of limitations was not changed or tolled in its application, and Plaintiffs were due to toll the statute of limitations against Kmart Corporation and Kmart Operations, LLC on or before July 13, 2015.

The Court must accept as true all the well plead allegations in the Complaint. Hence, an analysis of the statute of limitations' allegations contained in Plaintiff's Complaint is necessary in order to ascertain whether the present action is time barred by the first action in state court.

> III. Tolling of the Statute of Limitations
>
> 6) On February 13, 2015, plaintiffs filed the cause styled, Wanda I. González Berríos, Lorenzo Ramos Montañez y la Sociedad Legal de Gananciales Compuesta por Ambos v. Kmart of Puerto Rico, Inc.; Dueño A; Aseguradora I; Dueño B y Aseguradora II, Civil No. KDP 2015-0166, Court of First Instance, Superior Court of San Juan.
>
> 7) At plaintiffs' request, on June 26, 2015, Civil No. KDP 2015-0111 was dismissed without prejudice. Judgment was entered on July 13, 2015, and noticed on July 14, 2015. The state court filing tolled the statute of limitations against defendants on all claims filed herein pursuant to Article 1802 of the Puerto Rico Civil Code, 31 P.R. Stat. Ann. Section 5141.

ECF No. 1, p. 3 ¶¶ 6-7. The Court finds that even when accepting well-pleaded facts in the light most favorable to Plaintiff, pleadings 6 and 7 confirm the fact that the state complaint was filed against Kmart of Puerto Rico, Inc. and not against Kmart Corporation and Kmart Operations, LLC.

Further, the Court must assess the adequacy of Plaintiffs' State Court complaint, in light of the tolling requirements set forth by the Puerto Rico Supreme Court, namely:

-11-

> "(a) opportunity or timeliness, which requires that the action be filed before the limitation period runs out; (b) standing, is what gives a party the right to file an action; (c) identity, means that the action must exactly correspond to the right affected by the statute of limitations; and (d) fitness of the means employed." *Galib Frangie*, 138 D.P.R. at 567.

Plaintiffs' complaint was timely filed on June 26, 2015, well within the one-year limitations period to bring suit, on July 13, 2014. Furthermore, Plaintiff slipped and fell while on Defendants' premises and, therefore, has standing to bring suit seeking redress for her injuries. With regards to the third prong, identity, the instant suit is not being litigated by the same parties. In the state court claim, the named defendant was Kmart of Puerto Rico, Inc., while on the instant case, Kmart Corporation and Kmart Operations, LLC, were named defendants for the first time. Finally, Plaintiff's suit in state court certainly meets the fourth requirement of "fitness of the means employed." However, the Court finds Plaintiff's state court complaint failed to effectively toll the statute of limitations considering that the jurisprudence that governs clearly establishes that Plaintiff must toll the statute of limitations against all defendants separately and neither Kmart Corporation nor Kmart Operations, LLC were named defendants in the State Court complaint.

The Court is forced by law to determine that Defendants' actions in the state claim had the fatal effect of not tolling the statute of limitations as to Kmart Corporation and Kmart Operations, LLC. *See Wanda I. González Berríos, Lorenzo Ramos Montañez y la Sociedad Legal de Gananciales Compuesta por Ambos v. Kmart of Puerto Rico, Inc.; Dueño A; Aseguradora I; Dueño B; and Aseguradora II,* civil case number K DP2015-0166 (808). The Court simply cannot oversee the fact that Plaintiffs' State Court complaint was an

ineffective attempt to toll the statute of limitations which cannot be remedied. Consequently, the instant complaint is time barred.

IV. CONCLUSION

For the reasons elucidated above, the Court hereby **GRANTS** Defendants Kmart Corporation and Kmart Operations, LLC's *Motion to Dismiss* (ECF No. 17). Judgment of **DISMISSAL with prejudice** is to be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of November, 2017.

*S/DANIEL R. DOMÍNGUEZ*
Daniel R. Domínguez
United States District Judge